IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY CANTU AND RONALD LOREDO, on behalf of themselves and a class of those similarly situated, | § § § § | |
| Plaintiffs, | § § § | Civil Action No. SA:13-CA-731-HLH |
| v. | § § | |
| MILBERGER LANDSCAPING, INC., | § § | Jury Demanded |
| Defendant. | § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Anthony Cantu and Ronald Loredo, Plaintiffs in the above-entitled and numbered action, hereby submit for filing their First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). They respectfully show as follows:

This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. § 201 *et. seq*. This action is brought by two non-exempt workers employed by the Defendant as landscape maintenance workers in and around Bexar County, Texas. Plaintiffs also bring this action as a collective action under the FLSA on behalf of a class of an estimated one hundred and seventy five (175) or more other similarly situated landscape maintenance workers formerly and currently employed by the Defendant (the "Class" or "Class Members"). The Defendant has failed to pay their employees the required overtime pay for all hours worked in excess of forty (40) hours during each workweek. Accordingly, Plaintiffs and Class Members seek unpaid overtime wages, liquidated damages, and attorney's fees.

## JURISDICTION AND VENUE

1. The Plaintiffs bring this case to recover unpaid compensation under the 29 U.S.C. §201, *et seq*. As such, this Court has jurisdiction over the Plaintiffs' FLSA claims pursuant to the following:

   a. 28 U.S.C. §1331 (Federal Question);

   b. 28 U.S.C. § 1337 (Interstate Commerce);

   c. 29 U.S.C. § 216(b) (FLSA)

2. Inasmuch as Defendant's principal place of business is in Bexar County, Texas, and all or a substantial part of the acts or omissions giving rise to the Plaintiffs' causes of action occurred in or around Bexar County, Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b).

## THE PARTIES

3. Plaintiff ANTHONY CANTU is an individual residing in Bexar County, Texas.

4. Plaintiff RONALD LOREDO is an individual residing in Bexar County, Texas.

5. Defendant MILBERGER LANDSCAPING, INC. is a Texas corporation whose principal place of business is in San Antonio, Texas and may be served with process by serving its registered agent, Victor M. Jouffray Jr., 3920 N Loop 1604 E, San Antonio, TX 78251.

## CLASS ALLEGATIONS

6. Plaintiffs bring their Claims of Relief (FLSA overtime compensation) individually, and as a collective action on behalf of all hourly employees who have performed work as landscape maintenance workers for the Defendant in and around San Antonio, Texas at any time within three years prior to the filing of this Complaint (the "Class").

7. Plaintiffs and the Class are similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to the Defendant's common practice, policy, or plan of unlawfully failing to pay overtime compensation at one and one half the regular rates of pay for all hours worked in excess of 40 during one or more workweeks in violation of the FLSA.  This practice, policy or plan is or was applicable to Plaintiffs and the Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime and the minimum wage to Plaintiffs applied to all Class Members.  This common practice, policy, or plan is detailed in paragraphs 8 through 17, below.

**FACTS**

8. As Defendant's employees, Plaintiffs were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203.

a. Defendant has, at all times relevant to this action, employed landscape maintenance workers who perform landscaping and maintenance duties.  As such, Defendant is, and has been for all times relevant to this action, an enterprise that has, at any given time, employed at least eighty (80) employees who handle and work with goods that have been moved in or produced for commerce.

b. Throughout their employment with Defendant, Plaintiffs, as well as their co-workers and Class Members, handled goods or materials that had been moved in or produced for commerce, including, but not limited to, mowers, blowers, weed eaters, pruners, and handsaws.

As such, Plaintiffs and Class Members were "employees" of the Defendant within the meaning of 29 U.S.C. §203(e)(1).

  c. Defendant is an enterprise engaged in commerce whose gross annual volume of sales exceeds, and has for all times relevant to this action exceeded, $500,000 (exclusive of excise taxes at the retail level that are separately stated).  More specifically, Defendant is an enterprise engaged in commerce whose gross annual volume of sales is approximately $10,000,000 to $15,000,000.

  9. From approximately November of 2012 until approximately June of 2013, Plaintiff ANTHONY CANTU worked as a landscape maintenance worker for the Defendant.

  10. From approximately December of 2012 until approximately June of 2013, Plaintiff RONALD LOREDO worked as a landscape maintenance worker for the Defendant.

  11. The Defendant recruited, hired, and employed Plaintiffs and the Class Members to perform landscaping and maintenance duties in and around Bexar County, Texas, and surrounding counties.

  12. At all times relevant to this action, Plaintiffs and members of the Class performed substantially similar work for the Defendant in and around Bexar County, Texas and surrounding counties.

  13. As more specifically discussed and detailed in this paragraph 13, at all times relevant to this action, the Defendant controlled and supervised the work performed by the Plaintiffs and members of the Class.  At all times relevant to this action and as a matter of economic reality, Defendant employed Plaintiffs and members of the Class within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g).  At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Class

Members. Facts demonstrating that the Defendant was Plaintiffs' and Class Members' employer include, but are not limited to:

    a.    The Defendant possessed the authority to hire and fire the Plaintiffs and Class Members.

    b.    The Plaintiffs and Class Members received extensive instruction from the Defendant.

    c.    The Plaintiffs and Class Members were dependent on the Defendant for the terms and conditions of their employment.

    d.    The Defendant possessed and exercised the authority to control the employment rules and policies applicable to Plaintiffs, including scheduling, timekeeping, payroll, and disciplinary practices.

    e.    The Defendant possessed the authority to hire and fire Plaintiffs and Class Members.

    14.    At all times relevant to this action, the Defendant knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay the required overtime compensation due to the Plaintiffs and Class Members.

    15.    Defendant did not compensate Plaintiffs and Class Members for compensable time worked at the beginning and conclusion of their daily shifts. More specifically, throughout multiple workweeks of their employment with Defendant, Plaintiffs did not receive compensation for compensable activities, including but not limited to servicing, loading and unloading landscaping equipment, performed at the beginning of their workday in the morning, and at the conclusion of their workday in the late afternoon.

16. Because Defendant failed to record and compensate all of the Plaintiffs' compensable time, including compensable time at the beginning and conclusion of the Plaintiffs' daily workdays, at all times relevant to this action, the Defendant failed to maintain complete and accurate records of the Plaintiffs' hours of work and compensation as required by the FLSA.

17. Because in multiple workweeks the Defendant failed to compensate the Plaintiffs for work performed at the beginning and conclusion of their daily shifts (as detailed in paragraphs 8-16, above), in the workweeks in which Plaintiffs and Class Members worked in excess of forty hours, they were not paid at one-and-a-half times their regular hourly rates for all hours they worked.

## FIRST CLAIM FOR RELIEF

### (FLSA Overtime – Individual Plaintiffs)

18. The above-described actions by the Defendant violated the Plaintiffs' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which they are entitled to relief pursuant to 29 USC § 216(b).  Each Plaintiff has consented to the filing of this action for violations of the FLSA.  *See* Exhibits "A" and "B."

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime – Class)

19. The above-described actions by the Defendant violated the Class Members' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which they are entitled to relief pursuant to 29 USC § 216(b).

## PRAYER FOR RELIEF

HEREFORE, Plaintiffs, on behalf of themselves and all members of the Class, pray that this Court:

A.      Designate this action as a collective action on behalf of the Class, order issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Class apprising them of the pendency of this action and of their right to join this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Designate Plaintiffs as Representatives of the Class;

C.      Award Plaintiffs (and all who may join this suit) their unpaid overtime compensation and an equal amount of liquidated damages;

D.      Award Plaintiffs (and all who may join this suit) their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E.      Award Plaintiffs (and all who may join this suit) Pre-Judgment and Post-Judgment interest, as provided by law;

F.      Award Plaintiffs (and all who may join this suit) such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Philip J. Moss
Philip J. Moss
Texas State Bar No. 24074764
pmoss@equaljusticecenter.org
EQUAL JUSTICE CENTER
6609 Blanco Road, Ste. 260
San Antonio, Texas 78216
Tel (210) 308-6222, ext. 102
Fax (210) 308-6223

Edmond S. Moreland Jr.
Texas State Bar No. 24002644
edmond@flor-morelaw.com
Floreani & Moreland, LLP

13500 Ranch Road 12, Ste. E
Wimberley, Texas 78676
Tel (512) 722-3692
Fax (512) 233-5172

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of September 2013, I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of this filing to the following:

Gerald T. Drought  
Mathis B. Bishop  
Martin & Drought, P.C.  
Bank of America Plaza, 25th Fl.  
300 Convent Street  
San Antonio, Texas 78205  

                                                        /s/ Philip J. Moss  
                                                        Philip J. Moss  
                                                        Attorney for Plaintiffs