IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY CANTU, & <br> RONALD LOREDO <br> on behalf of themselves and a class of those <br> similarly situated <br><br> **Plaintiffs,** <br><br> v. <br><br> MILBERGER LANDSCAPING, INC. <br><br><br><br> **Defendant.** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 5:13-CV-731 HLH <br><br><br><br><br><br><br> COLLECTIVE ACTION <br><br><br><br><br><br> DEMAND FOR JURY TRIAL |

**PLAINTIFFS' MOTION FOR EXPEDITED CONDITIONAL CERTIFICATION AS COLLECTIVE ACTION AND JUDICIALLY SUPERVISED NOTICE TO CLASS MEMBERS PURSUANT TO 29 U.S.C. §216(b)**

Plaintiffs, on behalf of themselves and all other similarly situated individuals, file this Motion for Expedited Conditional Certification as a Collective Action and Judicially Supervised Notice to Class Members Pursuant to 29 U.S.C. §216(b). They respectfully show as follows:

**I.   Introduction**

MILBERGER LANDSCAPING, INC. (hereinafter "Milberger" or "Defendant") employed the Plaintiffs and other similarly situated individuals (hereinafter the "Class Members") to provide landscaping services at its customers' premises. Milberger has or had a policy and practice of having Plaintiffs and Class Members work off-the-clock. That is, Milberger engaged Plaintiffs and Class Members to perform compensable work, but illegally failed and refused to pay them for that work.

Milberger's policy required the Plaintiffs and Class Members to arrive at work early to perform compensable pre-shift work before Milberger clocked them in for the work day. Defendant failed to pay Plaintiffs and Class Members for this pre-shift work.

Defendant also required Plaintiffs and Class Members to perform post-shift work, but it did not pay the Plaintiffs and Class Members for all of this work either. Defendant clocked Plaintiffs and Class Members out after the day's work was finished at a job site. Plaintiffs and Class Members were then required to travel back to the company's staging yard where they frequently performed post-shift work. Although, on occasion, Milberger provided partial payment, it did not fully compensate Plaintiffs and Class Members for this travel time and post-shift work.

On August 14, 2013, the Plaintiffs filed suit under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA") on behalf of themselves and all others similarly situated to recover their unpaid overtime wages. On October 21, 2013, another plaintiff opted in to the collective action. *See* Clerk's Doc. No. 13. Plaintiffs hereby move the Court for an order conditionally certifying a collective action under the FLSA. The class for which Plaintiffs request conditional certification consists of the following persons:

> all current and former hourly-paid Milberger employees who worked out of the Milberger facility located in San Antonio, Texas on Northeast Loop 1604[1] (the "Milberger Facility") and who performed off-site landscape-related services (hereinafter "Landscaping Services") at any time during the three-year period preceding the filing of Plaintiffs' Original Complaint.

Plaintiffs also request Court-supervised notice to the Class Members.

At this point, Plaintiffs must make an observation about what is not at issue in this

---

[1] Plaintiffs and Class Members were required to report for work at the Milberger Facility. The Milberger Facility is the location where Defendant stored and maintained the equipment for each day's labor, and from which Plaintiffs and Class Members would depart to work at off-site customer locations.

Motion. The merits of the case are <u>not</u> at issue in this Motion. As set forth herein, because Plaintiffs readily meet the lenient burden for certification applicable at this stage of this case, conditional certification and notice to the potential plaintiffs is appropriate. *See, e.g., Pedigo v. 3003 South Lamar LLP*, 666 F.Supp.2nd 693, 697 (W.D. Tex. 2009); *Gandhi v. Dell, Inc.*, 2009 WL 1940144, *4-*7 (W.D. Tex. July 2, 2009)*; Castillo v. Hernandez*, 2010 WL 4595811, *3-*4 (W.D. Tex. November 4, 2010). Accordingly, the Court should order Defendants to provide contact information regarding all potential opt-in plaintiffs, and authorize Plaintiffs to send the attached proposed Notice (See Exhibit C) at the earliest practicable date.

Finally, Plaintiffs respectfully request that this Court expedite its consideration of this motion in order to preserve the Class Members' right to bring their claims within the applicable limitations period.

## II.  Argument and Authorities

### A.  The law favors collective actions and authorizes the District Court to issue notice to the potential Class Members

An employee alleging a violation of the FLSA may bring an action on behalf of all "other similarly situated employees." 29 U.S.C. § 216(b). The law favors collective actions because they enable the "efficient resolution in one proceeding of common issues of law and fact," by providing plaintiffs with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Unlike a Rule 23 class action, in which plaintiffs must "opt out" of the class, the standards of Section 216(b) collective actions are "lenient" and individuals must affirmatively "opt in" by filing a written consent to become part of the class. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995); 29 U.S.C. § 216(b); *Barrera v. MTC, Inc.*, 2011 U.S. Dist. LEXIS 20589, at *3 (W.D. Tex. Mar. 21, 2011).

Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action," the FLSA grants the Court authority to manage the process of joining such employees in the action, including the power to authorize notice and monitor preparation and distribution of the notice. 29 U.S.C. §216(b); *Hoffmann-La Roche*, 493 U.S. at 169-73 ("The broad remedial goal of the statute should be enforced to the full extent of its terms."). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting a cutoff date to expedite disposition of the action." *Id.* at 172; *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 628 (D. Colo. 2002) (conditional certification for notice purposes was appropriate where plaintiffs had made "substantial allegations" and conditional certification would allow "significant economies" to be achieved). Thus, the FLSA empowers and encourages this Court to issue notice to potential plaintiffs and it should do so in this case.

**B.  The Court applies the two-stage approach of *Lusardi* to determine whether to issue notice to the potential plaintiffs.**

Although the Fifth Circuit has not definitively decided the issue, this Court and other courts in this District use a two-stage approach, referred to as the *Lusardi* approach, to determine whether to certify a collective action under §216(b). *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Mooney*, 54 F.3d at 1213. *Rafeedie v. L.L.C., Inc.*, 2011 U.S. Dist. LEXIS 116719, *3 (W.D. Tex, May 9, 2011). *See also Rousseau v. Frederick's Bistro, Ltd.*, 2010 U.S. Dist. LEXIS 34271, *8-9 (W.D. Tex. Apr. 7, 2010), *citing Bernal v. Vankar Enterps., Inc.,* 2008 U.S. Dist. LEXIS 22814, *3 (W.D. Tex. March 24, 2008); *Neagley v. Atascosa County EMS,* 2005 U.S. Dist. LEXIS 230, *3 (W.D. Tex., Jan. 7, 2005); *Pedigo*, *supra*, 666 F.Supp.2nd at

697.² In *Pedigo*, Judge Nowlin described the two-step *Lusardi* approach as follows:

> In the first stage, the Court must make an initial determination whether notice of the action should be sent to potential opt-in class members. This determination is based solely on the pleadings and affidavits. Furthermore this determination is made using a fairly lenient standard, and typically results in a 'conditional certification' of a representative class. Once conditional certification is granted, the case proceeds through discovery as a representative action. Upon completion of discovery and after notice has issued, the defendant may, if appropriate, file a motion for decertification, which initiates the second stage of the *Lusardi* analysis. In this second stage, the Court must re-examine the class and make another factual determination under a more stringent standard as to whether the putative class members are, in fact, similarly situated.

*Id*.(internal citation omitted).

### C. Plaintiffs are entitled to notice based on a minimal showing that they are similarly situated to other employees.

As Judge Nowlin noted, it is well-settled that the standard for the Court to issue notice at the first stage is a "lenient" one. *Mooney*, 54 F.3d at 1214; *Rafeedie*, 2011 U.S. Dist. LEXIS 116719 at *5 *See also*, *Bernal*, 2008 U.S. Dist. LEXIS 22814 at *10-*11. As a result, the lenient standard that applies at the first stage of the *Lusardi* analysis "usually results in 'conditional certification' of a representative class, to whom notice is sent and who receive an opportunity to 'opt in.'" *Mooney* 54 F.3d at 1214; *Bernal* 2008 U.S. Dist. Lexis 22814 at *7-8; *Johnson v. TGF Precision*, 319 F.Supp.2d 753, 754-755 (S.D. Tex. 2004) *quoting Mooney, supra* at 1214.

The reason courts employ a lenient standard at the first stage of any collective action is

---

² The Fifth Circuit has long held that Rule 23 cases and Section 216(b) collective actions are "mutually exclusive and irreconcilable." *LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 289 (5th Cir. 1975). Approximately eighteen years ago, the Fifth Circuit mentioned the existence (at that time) of two different approaches used by other courts to the certification issue – the two stage approach and the Rule 23 approach. *Mooney*, 54 F.3d at 1214 (5th Cir. 1995). In the intervening time, the Rule 23 approach mentioned by the *Mooney* court has been expressly disavowed and abandoned by the Tenth Circuit Court of Appeals and is not the proper certification methodology to use in FLSA collective actions. *Thiessen v. General Elec. Capital Corp*., 267 F.3d 1095, 1105 (10th Cir. 2001). The two-stage approach is thus "the prevailing test among the federal courts . . . ." *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, *1 (N.D. Tex. May 21, 2002)(Lynn, J.).

simple: To impose a strict standard of proof at the notice stage would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991) *quoting Hoffman-La Roche, Inc.,* 110 S. Ct. at 491; *Hoffman-La Roche, Inc.*, 118 F.R.D. at 407 ("notice to absent class members need not await a conclusive finding of 'similar situations'"). "The remedial nature of the FLSA and §216 'militates strongly in favor of allowing cases to proceed collectively.'" *Pedigo*, 666 F.Supp.2d at 698, *citing Ryan v. Staff Care, Inc.*, 497 F. Supp.2d 820, 824-25 (N.D. Tex. 2007).

At the first stage, courts typically determine whether named plaintiffs and potential opt-ins are "similarly situated" based upon the substantial allegations in the complaint and sworn statements. *Mooney*, 54. F.3d at 1213-14.[3] In fact, some courts have *sua sponte* certified collective actions based solely on allegations in the complaint. *See, e.g., Neagley supra*, 2005 WL 354085 (Rodriguez, J.).

Under this lenient standard, this Court should conditionally certify the class in this case and allow the Plaintiffs to send notices to potential class members.

**D.     Plaintiffs satisfy the lenient standard of the first step in the *Lusardi* approach.**

---

[3] *See, e.g., Bernal*, 2008 WL 791963, at *4 (noting that "at least one" of the opt-in Plaintiffs submitted an affidavit supporting the allegations); *Brown v. Money Tree Mortg. Inc.*, 222 F.R.D. 264, 680 (D. Kan. 2004)(two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab*, 214 F.R.D. at 628 (allegations in complaint sufficient); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient); *Ballaris*, 2001 U.S. Dist. LEXIS 13354 at *3-*5 (two affidavits); *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001), *rev'd on other grounds*, 342 F.3d 301(four affidavits); *Camper v. Home Quality Mgmt, Inc.*, 200 F.R.D. 516, 519-21 (D. Md. 2000) (sworn testimony from two depositions and two declarations); *Zhao v. Benihana*, 2001 U.S. Dist. LEXIS 10678, *12-*13 (S.D. N.Y. 2001) (one affidavit based on plaintiff's "best knowledge"); *Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal. Oct 3, 2005)(allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated); *Alba v. Madden Bolt Corporation*, Civil Action No. H-02-1503 (S.D. Tex. June 5, 2002)(one affidavit sufficient); *Loreas* v. C&S Ranch, Civil Action No. L-97-30 (S.D. Tex. May 16, 1997)( one affidavit sufficient); *Marchan v. Taqmex, Inc.*, Civil Action No. H-02-4167 (S.D. Tex. December 17, 2002) (one affidavit sufficient); *Schwartz v. MCI Telecommunications Corp.*, Civil Action No. H-98-1574 (S.D. Tex. February 18, 1999)(one affidavit sufficient).

In cases involving off-the-clock claims under the FLSA, federal courts in Texas have required plaintiffs to "make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chemical, Inc.,* No. 2008 WL 2220394, *6 (S.D. Tex., May 28, 2008) *citing Prater v. Commerce Equities Mgmt. Co.,* 2007 WL 4146714, *4 (S.D. Tex. Nov. 19, 2007) *and Simmons v. T-Mobile USA, Inc.,* 2007 WL 210008, *5 (S.D. Tex. Jan. 24, 2007).

In this case, Plaintiffs' Amended Complaint (Clerk's Doc. No. 8) and sworn declarations satisfy each of these three requirements. The Court should grant conditional certification.[4] The Plaintiffs' declarations are attached hereto as Exhibits A and B incorporated herein by reference.

### 1. *Plaintiffs and Class Members are similarly situated with respect to job duties and Milberger's illegal pay policies and practices.*

The Plaintiffs and Class Members worked for Milberger performing landscaping services in and around Bexar County, Texas.[5] These individuals are similarly situated in that they (1) were required to perform the same or similar preliminary and postliminary work off-the-clock in accordance with Milberger's illegal policies and practices[6] and (2) were scheduled for over forty hours per week, but were not paid for all of their compensable preliminary and postliminary work.[7]

The compensable pre-shift preparatory duties included, but were not limited to preparing

---

[4] Decl. of Anthony Cantu, ¶¶ 6-9, 11-12; Decl. of Ronald Loredo, ¶¶ 6-9, 11-12.
[5] Decl of Anthony Cantu at ¶¶ 2-4; Decl. of Ronald Loredo, ¶¶ 2-4.
[6] Decl of Anthony Cantu at ¶¶ 6-8, 11-12; Decl. of Ronald Loredo, ¶¶ 6-8, 11-12.
[7] Decl of Anthony Cantu at ¶¶ 6-8, 11; Decl. of Ronald Loredo, ¶¶ 6-8, 11.

and servicing equipment necessary for the day's work and loading the company vehicles with the materials and machinery necessary for the day's work.[8] The materials and machinery included lawnmowers, weedeaters, blowers, fuel cans, water, landscaping materials and other landscaping tools.[9]

Additionally, Plaintiffs and Class Members were often required to perform work after each day's scheduled shift including, but not limited to travel from a customer's job site to the Milberger Facility, and, upon arrival, unloading refuse, materials, tools and equipment from company vehicles, and organizing and performing maintenance on the tools and equipment in preparation for the next day's work.[10]

This pre- and post-shift work was necessary for the Plaintiffs and Class Members to perform their jobs, and Milberger required the Plaintiffs to perform that work.[11] Milberger was aware of their unpaid pre- and post-shift work. After all, high-level Milberger managers saw Plaintiffs and Class Members performing work before and after their shifts, and Plaintiffs complained about the fact that they were not being paid for all of their work.[12] Milberger foremen also instructed Plaintiffs and Class Members to arrive early to perform pre-shift work and they frequently recorded only partial time for their post-shift work.[13] These foreman manually recorded Plaintiffs' and Class Members' hours worked, and they were told at company-wide foreman meetings not to record all hours employees worked.[14] Also, the Plaintiffs personally observed their coworkers performing the same or similar pre- and post-shift

---

[8] Decl of Anthony Cantu at ¶¶ 6-8; Decl. of Ronald Loredo, ¶¶ 6-8.
[9] *Id.*
[10] Decl of Anthony Cantu at ¶¶ 7-8 Decl. of Ronald Loredo, ¶¶ 7-8.
[11] Decl of Anthony Cantu at ¶ 8,; Decl. of Ronald Loredo, ¶ 8.
[12] Decl of Anthony Cantu at ¶¶ 8, 10; Decl. of Ronald Loredo, ¶¶ 8, 10.
[13] Decl of Anthony Cantu at ¶¶ 6-8; Decl. of Ronald Loredo, ¶¶ 6-8.
[14] Decl of Anthony Cantu at ¶ 9.

work.[15] Finally, Milberger maintained a policy and practice of not compensating for pre- and post-shift labor and travel time which Milberger management discussed at meetings with foremen.[16]

2. *There are similarly situated, Class Members who want to opt in to this lawsuit*

At present, there are two named Plaintiffs, and one additional Plaintiff has filed a consent to join the lawsuit.[17] Those Plaintiffs have personal knowledge of other coworkers who performed the same or similar work for the Defendant and whom the Defendant paid according to the same illegal pay scheme.[18] Thus, there are other individuals who are similarly situated in terms of their duties and responsibilities, and who would join this action if they were aware of its existence.

Moreover, the fact that at least one additional person has elected to join the case (in addition to the two original named Plaintiffs) without a notice is evidence of the existence of other potential plaintiffs who are interested in joining this suit. *See Pedigo*, 666 F.Supp.2d at 698-99 (finding that "the record affirmatively establishes" the existence of potential opt-ins because 12 other persons had opted into the suit and 4 of the 12 had submitted affidavit testimony in support of the plaintiffs' motion for notice); *Castillo*, 2010 WL 4595811 at *4-*5 ("When this much of the workforce [four original named plaintiffs and two additional opt-ins out of roughly 50 people] has already joined the suit, some of them after the suit was already filed, this Court finds it indicative of at least potential interest in the remaining members of the class.").

---

[15] Decl of Anthony Cantu at ¶ 9, 12; Decl. of Ronald Loredo, ¶ 9, 12.
[16] Decl of Anthony Cantu at ¶ 9.
[17] Docs. # 8-1, 8-2, and 13.
[18] Decl of Anthony Cantu at ¶¶ 6-8, 12; Decl. of Ronald Loredo, ¶¶ 6-8, 12.

### III. Conclusion and Prayer: Request for §216(b) Notice to Class Members

Because they have made the minimal showing necessary , the Plaintiffs respectfully request that the Court conditionally certify the class, authorize counsel for the Plaintiffs to send the Notice and Consent forms attached hereto as Exhibit C, to be disseminated in both English and Spanish to the following group of individuals:

> All current and former hourly-paid Milberger employees who worked out of the Milberger Facility and who performed off-site Landscaping Services at any time during the three-year period preceding the filing of Plaintiffs' Original Complaint.

The proposed Notice is based on notices previously approved in the Western District of Texas. *See Gilbert Tovar Jr. et. al v. F & W Electrical Contractors, Inc*. 5:13-cv-00095 (Document Nos. 13-14). Plaintiffs request a 90-day opt-in period.

Plaintiffs additionally respectfully request that the Court award the other relief outlined in the proposed Order submitted with this Motion.

Respectfully submitted,

By: /s/ Philip J. Moss
Philip J. Moss
Texas State Bar No. 24074764
philip@equaljusticecenter.org
EQUAL JUSTICE CENTER
6609 Blanco Rd. Ste. 260
San Antonio, Texas 78216
Tel.: (210) 308-6222 ext-102
Fax: (210) 308-6223

Edmond S. Moreland Jr.
Texas State Bar No. 24002644
edmond@morelandlaw.com
Moreland Law Firm, P.C.
13500 Ranch Road 12, Ste. E
Wimberley, Texas 78676
Tel (512) 722-3692
Fax (512) 233-5172

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 18, 2013, I conferred in person with Mr. Gerald Drought, counsel for Defendant, and he indicated that Defendant opposes the relief requested in this motion.

*/s/ Philip J. Moss*
Philip J. Moss
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that on October 28, 2013, I electronically transmitted the above document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants below:

Gerald T. Drought
Mathis B. Bishop
Martin & Drought, P.C.
Bank of America Plaza, 25th Fl.
300 Convent Street
San Antonio, Texas 78205

Attorneys for Defendant.

*/s/ Philip J. Moss*
Philip J. Moss
Attorney for Plaintiffs