IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ANTHONY CANTU and | § | |
| RONALD LOREDO, on behalf | § | |
| of themselves and a class | § | |
| of those similarly situated | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | No. SA-13-CA-731 |
| | § | |
| MILBERGER LANDSCAPING, INC. | § | |
| | § | |
| Defendant | § | |

**ORDER GRANTING CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION**

On August 14, 2013, the Plaintiffs filed this complaint seeking to recover unpaid overtime wages under the Fair Labor Standards Act (FLSA). The Plaintiffs allege that the Defendant, Milberger Landscaping, Inc. (Milberger), failed to pay its employees for the work that they performed before and after their shifts as yard workers. The Plaintiffs also seek to proceed as a collective action on behalf of other similarly situated employees. Before the Court is the Plaintiffs' motion for conditional certification as a collective action (Docket No. 14). Milberger has filed a response, and the motion is now ripe. Having considered the motion and the response, the Court finds that the motion should be granted.

**I. Background**

According to the complaint and the Plaintiffs' affidavits, the Plaintiffs were employed by Milberger from late 2012 until

1

June 2013.  Like many Milberger employees, they worked as yard laborers, traveling to job sites to perform landscaping tasks.[1] Importantly, the Plaintiffs allege that they were not paid for the work that the company required them to perform before and after their shifts.  Per company policy, laborers were required to arrive at the Milberger facilities between fifteen and thirty minutes before their shifts.  During this time, they would load equipment and receive instructions concerning their daily assignments.  After the shift ended, Plaintiffs allege that laborers were not paid for their travel from the job sites back to the Milberger facilities and the unloading that they performed after returning.  The Plaintiffs state that they complained about their lack of pay to company managers, and that those managers watched laborers perform unpaid work.  The Plaintiffs surmise that Milberger had "between approximately eighty (80) and one hundred and sixty (160) employees at any given time" during their employment.

Because they believe that other employees would join this action, the Plaintiffs have filed a motion requesting that the Court certify a collective action of other "similarly situated" laborers.  Attached to that motion is a proposed notice to all

---

[1] One of the Plaintiffs, however, states that he performed the duties of a foreman in his "last few months of employment with Milberger."

2

of Milberger's employees within the past three years, informing them about the lawsuit and offering them the option to "opt in."

In response, Milberger asserts that the motion should be denied because the proposed class members are not "similarly situated." Further, Milberger objects to the proposed notice form and the suggested manner of its distribution. The Court agrees with the Plaintiff that the collective action should go forward and that notices should be sent to potential plaintiffs, but Defendant's objections to the form of the notice have merit, in particular with regard to the limitations cutoff date.

## II. Applicable Law and Analysis

### A. Conditional Certification

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." **Genesis Healthcare v. Symczyk**, __ U.S. __, __, 133 S.Ct. 1523, 1527 (April 6, 2013). Under 29 U.S.C. § 216(b), employees may bring a private cause of action on their own behalf and on behalf of "other employees similarly situated" for specified FLSA violations. **Id.** These suits are known as "collective actions." **Hoffman-LaRoche Inc. v. Sperling**, 493 U.S. 165, 169-70 (1989).

The Court of Appeals for this Circuit "ha[s] not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims in a

3

single § 216(b) action." **Acevedo v. Allsup's Convenience Stores, Inc.**, 600 F.3d 516, 518-19 (5th Cir. 2010). However, district courts in this circuit follow the approach taken in **Lusardi v. Xerox Corp**, 118 F.R.D. 351 (D.N.J. 1987). **See Pedigo v. 3003 South Lamar, LLP**, 666 F. Supp. 2d 693, 696 n.5 (W.D. Tex. 2009) ("District Courts within the Fifth Circuit, and District Courts within the Western District in particular, uniformly apply the **Lusardi** test.").[2] Therefore, this Court will join them and apply the **Lusardi** test.

"Under **Lusardi**, the trial court approaches the 'similarly situated' inquiry via a two-step analysis." **Acevedo**, 600 F.3d at 519 (quoting **Mooney v. Aramco Servs. Co.**, 54 F.3d 1207, 1213 (5th Cir. 1995)). First, the trial court must determine whether the putative class members' claims are sufficiently similar to merit sending notice of the action to potential members of the class, informing them that they may "opt in" to the lawsuit. **Id.** (citations omitted). This determination is made using a "fairly lenient" standard that "typically results in a

---

[2] In contrast, some courts around the country have followed the "spurious class action" analysis described in **Shushan v. Univ. of Colo.**, 132 F.R.D. 263 (D. Colo. 1990). "In application, [the court in **Shushan**] determined the 'similarly situated' inquiry to be coextensive with Rule 23 class certification . . . [and] the court looks at 'numerosity,' 'commonality,' 'typicality' and 'adequacy of representation' to determine whether a class should be certified." **Mooney v. Aramco Servs. Co.**, 54 F.3d 1207, 1216 (5th Cir. 1995).

'conditional certification' of a representative class." **Pedigo**,
666 F. Supp. 2d at 697 (quoting **Mooney**, 54 F.3d at 1214).[3]

The second step of the **Lusardi** process is the
"decertification" stage. After discovery is completed, the
defendant may file a motion for decertification. **Pedigo**, 666 F.
Supp. 2d at 697. Then, the court must examine the facts which
have been developed under a stricter standard to determine
whether the class members are, in fact, similarly situated. **Id.**
If so, the collective action may proceed; if not, the class
should be decertified, the opt-in plaintiffs' claims should be
dismissed without prejudice, and the class representatives
should be allowed to proceed only on their individual claims.
**Id.** at 697-98.

In this case, the Plaintiffs have not yet developed facts
through discovery. Therefore, the Court need only concern
itself with the "fairly lenient" first prong of the **Lusardi**
analysis. **Mooney**, 54 F.3d at 1214. Doing so, the Court must
consider whether the other laborers are similarly situated to

---

[3] In general, courts look at three elements for determining whether
claims are similarly situated, "requiring the plaintiff[s] to show
that: (1) there is a reasonable basis for crediting the assertion that
aggrieved individuals exist; (2) those aggrieved individuals are
similarly situated to the plaintiffs in relevant respects given the
claims and defenses asserted; and (3) those individuals want to opt in
to the lawsuit." **Bodle v. TXL Mortg. Corp.**, 2012 WL 5828616, at *8-9
(S.D. Tex. 2012) (citing **Tolentino v. C&J Spec-Rent Servs**, Inc., 716
F. Supp. 2d 642, 646 (S.D. Tex. 2010)). However, some courts have
held that the third element—that those individuals want to opt in to
the lawsuit—is unnecessary given the lenient nature of pre-discovery
conditional certification. **Bodle**, 2012 WL 5828616, at * 9.

the Plaintiffs in terms of job requirements and payment provisions. **Pedigo**, 666 F. Supp. 2d at 698 (quoting **Ryan v. Staff-Care, Inc.**, 497 F. Supp. 2d 820, 824-25 (N.D. Tex. 2007)). According to the affidavits, the Plaintiffs performed substantially the same tasks as the other potential class members—namely, traveling to job sites to perform landscaping services. The Plaintiffs claim that they saw other Milberger employees performing the same pre-shift and post-shift work that went unpaid. The Plaintiffs also saw Milberger managers overseeing this extra work, and they complained to those managers about the lack of pay. Applying the "fairly lenient" standard required at this step of the process, the Court finds that this evidence is sufficient to show that the proposed class members were together the victims of a "single decision, policy, or plan" to deprive Milberger's employees of overtime wages. **Songer v. Dillon Resources**, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (quotations omitted).

The Defendant notes, correctly, that the Plaintiffs have not yet identified which employees were merely laborers and which were foremen. However, the Plaintiffs propose only that the notice be sent to "[a]ll current and former hourly-paid Milberger employees who worked out of the Milberger Facility and who performed off-site [l]andscaping [s]ervices . . . ." The Court "need not find uniformity in each and every aspect of

6

employment to determine [that] a class of employees [is] similarly situated." **Pedigo**, 666 F. Supp. 2d at 698 (quotations omitted). In any event, at the decertification stage, Milberger will have the opportunity to object to the presence of foremen, if any, in the proposed class. **See Pedigo**, 666 F. Supp. 2d at 697-98.[4]

Prior to the issuance of any notice, two additional plaintiffs have chosen to join this case. This is "indicative of at least potential interest in the remaining members of the class." **Castillo v. Hernandez**, 2010 WL 4595811, at *4-*5 (W.D. Tex. 2010). The Plaintiffs have made a sufficient showing that (1) aggrieved potential class members exist; (2) those individuals are similarly situated to the named Plaintiffs; and (3) those individuals would want to opt in to the lawsuit. **Bodle**, 2012 WL 5828616, at *8. Therefore, the Plaintiffs' motion for conditional certification as a collective action should be granted.

### B. Notice Procedures

Having determined that the collective action should be conditionally certified, the Court will next consider

---

[4] Milberger points specifically to the fact that one of the named plaintiffs, Ronald Cantu, was promoted to a foreman position shortly before he left Milberger in June 2013. However, the Defendant does not deny that that Cantu had performed the tasks of a laborer for most of his employment, and Cantu asserts that this promotion allowed him to become "familiar with Milberger's policies and procedures concerning timekeeping."

Milberger's objections to the Plaintiffs' proposed notices. These objections include: (1) the fact that the proposed class members are directed to send their opt-in forms to the Plaintiffs' counsel, not to the court; (2) the notices' failure to describe the Defendant's position in this case; (3) the Plaintiffs' calculation of the date after which claims would be barred by limitations; (4) the Plaintiffs' proposal to email the notices to potential class members; and (5) the short deadline for the Defendant to produce a list of current and former employees.

First, the Court disagrees with Milberger that the proposed class members must send their "opt-in" forms to the Court, not counsel for the Plaintiffs. Unlike the proposed notice submitted to the district court in **Tolentino**, which Milberger has cited for this proposition, the notice here clearly states that the potential class members may "obtain counsel of [their] own choosing (at [their] own expense), who can file [their] [n]otice of [c]onsent with the Court." **Cf. Tolentino**, 716 F. Supp. 2d at 655 ("the notice directs potential class members to contact Plaintiffs' counsel"). Nor has Milberger demonstrated why sending the opt-in form to counsel, not the Court, would harm any party in this case. Therefore, the Court will allow the form to provide for sending notice to the Plaintiffs' counsel.

Second, the Court disagrees with Milberger that a description of its defense is required. The proposed notice does not contain a statement of the Plaintiffs' claims either. Instead, it states only that potential class members are eligible if they worked without pay or if they worked over 40 hours per week, and that they may "get more information by calling the Plaintiffs' attorneys or any attorney of [their] choosing." Therefore, there is no need for the notice to include a summary of Milberger's defenses.[5]

However, the Court agrees with Milberger's third objection: that the notice improperly calculates the applicable statute of limitations. The notice states that potential class members may join the lawsuit if they worked for Milberger after August 14, 2010—three years prior to the filing of this lawsuit. This is incorrect. The bar date for limitations purposes is three years before the entry of this Order. **See Tolentino**, 716 F. Supp. 2d at 654 ("Based on the statute of limitations, courts have recognized that class certification is appropriately limited to workers employed by the defendant up to three years **before notice is approved by the court**.") (quotations omitted).

---

[5] Moreover, Milberger's proposed description is patently obvious, given that it is actively contesting this lawsuit. It states that "[t]he Defendant disputes the Plaintiffs' contentions and asserts that all employees were properly and fairly paid in accordance with applicable law and that the allegations in the lawsuit are without merit."

9

Therefore, the notice should be sent only to those employees who worked at Milberger after November 22, 2010.

Fourth, the Court also agrees with Milberger that the notices must be sent by first-class mail, not email. **See Reab v. Elec. Arts, Inc.**, 214 F.R.D. 623, 630 (D.Colo. 2002) ("In contrast, electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court . . . First class mail ensures, at the outset, that the appropriately targeted audience receives the intended notification and maximizes the integrity of the notice process."). If first-class mail proves insufficient or the potential class members' physical addresses are no longer accurate, the Plaintiffs may attempt to demonstrate a particularized need for email addresses in a subsequent motion. Less convincing is the Defendant's request that the order direct that telephone numbers furnished to Plaintiffs' counsel be used only to cross-check old addresses, not to "hector[] notified individuals to opt-in." Given the prescribed, step-by-step framework of the notice procedure, such an order appears unnecessary.

Fifth, and finally, Milberger requests a total of 30 days to produce a list of employees' names, telephone numbers, and addresses, arguing that interrogatories normally require a

response within that amount of time. The Plaintiffs had originally requested this information within 11 days. The scheduling order in this case establishes a discovery deadline of February 28, 2014. In order to provide the parties with ample time for discovery, the Court finds that 14 days is a reasonable amount of time for Milberger to produce the names, addresses, and telephone numbers of its current and former employees.

**III. Conclusion**

In sum, the Plaintiffs must revise their proposed notice to state that the potential class members must have worked for Milberger after November 22, 2010. In addition, Milberger must provide the Plaintiff the names, telephone numbers, and addresses of all of its employees who performed off-site landscaping services from November 22, 2010 to the present. Once the notice is approved by the Court, the Plaintiffs may begin mailing it to potential class members.

It is therefore ORDERED that the Plaintiffs' motion for conditional certification as a collective action (Docket No. 14) be, and it is hereby, GRANTED.

It is further ORDERED that Counsel for the Plaintiffs provide the Court with a proposed notice that is revised in accordance with this opinion no later than seven (7) days from the entry of this order.

It is further ORDERED that, within fourteen (14) days of the entry of this order, the Defendant furnish Counsel for the Plaintiffs with the names, telephone numbers, and addresses of all of its employees who performed off-site landscaping services from November 22, 2010 to the present.

SIGNED AND ENTERED this 22nd day of November, 2013.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE