IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY CANTU & RONALD LOREDO on behalf of themselves and a class of those similarly situated, | § § § § | CIVIL ACTION NO. 5:13-CV-731 |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION |
| MILBERGER LANDSCAPING, INC. | § § | |
| Defendant. | § § | DEMAND FOR JURY TRIAL |

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF ANTHONY CANTU'S FIRST SET OF INTERROGATORIES

NOW COMES Defendant, MILBERGER LANDSCAPING, INC., ("Defendant") and submits the following Answers and Objections to Plaintiff Anthony Cantu's First Set of Interrogatories to Defendant pursuant to Federal Rules of Civil Procedure.

Defendant reserves the right to supplement these answers.

Respectfully submitted,

GERALD T. DROUGHT
State Bar No. 06134800
Federal Bar No. 8942
MATHIS B. BISHOP
State Bar No. 24045500
Federal Bar No. 567812
**MARTIN & DROUGHT, P.C.**
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924

COUNSEL FOR DEFENDANT

1

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ 6 _____ day of January 2014, I served the foregoing document on the following attorneys of record for Plaintiffs:

Philip J. Moss
Equal Justice Center
6609 Blanco Rd., Ste. 260
San Antonio, TX 78216
*Via Certified Mail, Return Receipt Requested #7109 7493 0500 0000 0771*

Edmond S. Moreland, Jr.
Moreland Law Firm, P.C.
13590 Ranch Rd. 12
Wimberley, TX  78676
*Via Certified Mail, Return Receipt Requested #7109 7493 0500 0000 2713*

_____
MATHIS B. BISHOP

## **GENERAL OBJECTIONS TO INTERROGATORIES**

Defendant generally objects and moves for a protective order related to all information requested which is invasive of the attorney/client privilege, the work product privilege or party communications privilege. The responses below may contain specific objections on these privileges where the Interrogatory is obviously invasive of the privilege. However, Defendant reserves the right and moves for a protective order related to any Interrogatories which are later construed to request such privileged information or if Defendant later discovers such privileged information existed which would have been responsive to the Interrogatory. This general objection applies to all of the Interrogatory responses below. If required, affidavits, live testimony or tendering of the information for in-camera inspection will be presented at the hearing on the objections, if any. Defendant objects and moves for a protective order related to any Interrogatory where the answer may be derived or ascertained from public records or from the business records of the Defendant, from an examination, audit or inspection of such business records or from a compilation, abstract or summary based thereon where the burden of deriving or ascertaining the answer is substantially the same for the Plaintiff as for Defendant. Defendant generally objects and moves for a protective order related to any information requested which is not within Defendant's, its agents' or employees' custody or control.

Defendant objects to the time period specified by the Plaintiffs in their discovery requests and will produce responsive information and documents from the time period of November 22, 2010 to the present in accordance with Judge Hudspeth's November 22, 2013 Order.

Defendant reserves the right to supplement these answers.

Subject to the foregoing objections, Defendant answers as follows:

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person, by name, address, and telephone number, who has knowledge of relevant facts relating to the subject matter of this litigation and identify the issues upon which you believe they have knowledge. A person has knowledge of relevant facts for purposes of this interrogatory when he or she has or may have knowledge of any discoverable matter which relates to the facts of this case. The information need not be admissible in order to satisfy the requirements of this interrogatory, and personal knowledge is not required of the individual identified.

### ANSWER:

Victor M. "Butch" Jouffray, General Manager/Vice President
Milberger Landscaping, Inc.
c/o Gerald T. Drought / Mathis B. Bishop
Martin & Drought PC
300 Convent Street, Suite 2500
Bank of America Plaza
San Antonio, Texas 78205
210.227.7591

Randy Clayton, Manager of Maintenance
Milberger Landscaping, Inc.
c/o Gerald T. Drought / Mathis B. Bishop
Martin & Drought PC
300 Convent Street, Suite 2500
Bank of America Plaza
San Antonio, Texas 78205
210.227.7591

Ann Whitford, Comptroller
Milberger Landscaping, Inc.
c/o Gerald T. Drought / Mathis B. Bishop
Martin & Drought PC
300 Convent Street, Suite 2500
Bank of America Plaza
San Antonio, Texas 78205
210.227.7591

Tommie Dault, Payroll Clerk
Milberger Landscaping, Inc.
c/o Gerald T. Drought / Mathis B. Bishop

4

Martin & Drought PC
300 Convent Street, Suite 2500
Bank of America Plaza
San Antonio, Texas 78205
210.227.7591

Wells Fargo Business Payroll Services / OptRight Payroll Solutions
Current Payroll Processor
1.800.421.4714

ADP
Payroll Processor from 08-2010 through 10-2013
1.800.225.5237

## INTERROGATORY NO. 2:

Identify each person by name, address, and telephone number, who participated in any way other than in a purely clerical capacity, in preparing the answers to these interrogatories. If more than one person was so involved, describe for each such individual the information which that person provided.

## ANSWER:

Victor M. "Butch" Jouffray, General Manager/Vice President
Milberger Landscaping, Inc.
c/o Gerald T. Drought / Mathis B. Bishop
Martin & Drought PC
300 Convent Street, Suite 2500
Bank of America Plaza
San Antonio, Texas 78205
210.227.7591

Randy Clayton, Manager of Maintenance
Milberger Landscaping, Inc.
c/o Gerald T. Drought / Mathis B. Bishop
Martin & Drought PC
300 Convent Street, Suite 2500
Bank of America Plaza
San Antonio, Texas 78205
210.227.7591

**INTERROGATORY NO. 3:**

For each Plaintiff, identify the number of hours worked, on a weekly basis, for each workweek during the relevant time period. In doing so, state the factual basis for your calculation of hours and identify all documents supporting the calculation.

**ANSWER:**

Defendant objects to this request as overbroad and vague in that it requests detailed information for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, this information requested is contained on the time cards which will be produced, to the extent Defendant has them, for the named plaintiffs and the individuals that opt-in.

**INTERROGATORY NO. 4:**

Identify any and all policies, procedures, guidelines, instructions, or directives Defendant maintained, implemented, or applied during the relevant time period with regard to employee compensation and the classification of employees as exempt from the protections of the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* If the policy, procedure, guideline, instruction or directive is set forth in one or more documents, please identify the document(s).

**ANSWER:**

Defendant objects to this interrogatory as overbroad and insufficiently particular. Subject to these objections, the handbooks will be produced which contain any relevant information requested.

**INTERROGATORY NO. 5:**

Identify each and every person or persons responsible for implementing and/or enforcing the policies, procedures, guidelines, instructions, or directives described in response to Interrogatory No. 4. For each such person or persons identified, please describe in detail how they were responsible for implementing and/or enforcing those policies, procedures, guidelines, instructions or directives, and please identify any documents by which they documented the implantation or enforcement of the policies, procedures, guidelines, instructions or directives.

**ANSWER:**

Defendant objects to this interrogatory as overbroad, insufficiently particular and requiring a narrative answer. Subject to these objections, Defendant refers Plaintiff to its response to Interrogatory No. 1.

**INTERROGATORY NO. 6:**

If you have used any expert for consultation who is not expected to be called as a witness, and if such expert's work product forms a basis, either in whole or in part, for any opinion of any expert who is to be called as a witness or if the consulting expert's opinion or impressions have been reviewed by a testifying expert, please identify:

      (a)    His or her full name, address and telephone number;

      (b)    The expert witness who used the consultant's work product; and

      (c)    The subject matter of the consulting expert's work product on which the testifying expert is relying, in whole or in part, or which the testifying expert has reviewed; and

**ANSWER**:

None at this time.

**INTERROGATORY NO. 7:**

Describe in detail all steps taken by Defendant to investigate or determine that Defendant compensated each Plaintiff in accordance with the requirements of the Fair Labor Standards Act. For each step identified, please specify the date on which you took such step, the resource you consulted (*i.e.*, government official, treatise, DOL bulletins, etc.), and the information acquired from any such resource. Please identify any and all documents that memorialize the step(s) identified.

**ANSWER**:

The Defendant objects to this interrogatory as asking for attorney-client privileged communications.

**INTERROGATORY NO. 8:**

Have you ever been a party to or participated in any lawsuit or other judicial or administrative proceeding (including criminal proceedings) involving claims regarding employee compensation other than this lawsuit? If so, please identify each such case (i.e., describe the parties involved, their legal counsel, the date the proceedings were initiated and terminated, the nature of the claims involved, the court or administrative body to whom the case was submitted, and the style of the case). This includes, but is not limited to, any investigation conducted by the Department of Labor or the Texas Workforce Commission.

**ANSWER**:

No.

**INTERROGATORY NO. 9:**

For each position of employment that Plaintiff held with the Defendant, identify, in detail, all work duties performed by Plaintiff. In answering this Interrogatory, it is not sufficient for Defendant to identify Plaintiff's job description unless that description includes all work duties performed by Plaintiff.

**ANSWER**:

Defendant objects to this request as overbroad and vague in that it requests detailed information for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, Defendant will produce the advertisement describing the job duties.

**INTERROGATORY NO. 10:**

Identify all individuals who have knowledge of Plaintiff performing the duties identified in Interrogatory No. 9. In answering this interrogatory, specify which individual has knowledge concerning which duty or duties and for which person.

**ANSWER**:

Defendant objects to this request as overbroad and vague in that it requests detailed information for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, Randy and Butch (identified in Interrogatory No. 1) have general knowledge on the matter.

**INTERROGATORY NO. 11:**

If Defendant contends that Plaintiffs are exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and/or any provisions contained in the Code of Federal Regulations, please list all sections of the FLSA and/or the Code of Federal Regulations which Defendant contends support its contention that Plaintiff is exempt, and all facts supporting that contention.

**ANSWER**:

Defendant objects to this request in that it requests information regarding the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way

8

of knowing who will, in the future, consent to join this suit. Subject to this objection, and without prejudice to respond with respect to any opt-in plaintiffs, N/A.

**INTERROGATORY NO. 12:**

For each such section of the FLSA or the Code of Federal Regulations listed in response to Interrogatory No. 11, please identify all duties performed by Plaintiff that fall within such sections of the FLSA or Code of Federal Regulations, or state any other facts that otherwise make such sections applicable to Plaintiff. In answering this Interrogatory, identify which duties you contend are applicable to which sections of the FLSA or the Code of Federal Regulations for Plaintiff.

**ANSWER:**

N/A.

**INTERROGATORY NO. 13:**

Please identify (see Definition I.1., above) each and every person who has held the laborer position, or equivalent position, that each of the Plaintiffs held at any time during the time period. For each person identified, please state the date(s) that each such person held the position.

**ANSWER:**

A list of employees responsive to this Interrogatory was provided to counsel for Plaintiffs on December 20, 2013.

**INTERROGATORY NO. 14:**

Please describe in detail any and all compensation you provided to Plaintiff to perform his/her duties. For purposes of this interrogatory, "compensation" means anything of value, including but not limited to, wages, benefits, bonuses, etc.

**ANSWER:**

Defendant objects to this request as overbroad and vague in that it requests detailed information for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, the Defendant will produce payroll records with this information.

**INTERROGATORY NO. 15:**

Please describe in detail your policies and/or practices for recording the time worked by the Plaintiffs. The information requested with this interrogatory includes, but is not limited to, your policies and/or practices for "clocking-in" and "clocking-out," the manner and method by you which you have recorded all work time, and the manner and method by which you maintain records of all work time.

**ANSWER**:

Each employee has designated work hours that may vary due to seasonal conditions. The employee's start time begins at that designated time. The ending hours will vary depending on the duration of the work being performed that day. All crews are required to take a one hour lunch break. The foreman is responsible for filling out the time cards daily. Any work that is requested of the employee prior to his designated start time and after his finished time is added to employee's time card. Every employee is required to review and sign his/her time card at the end of each week to verify his/her hours have been accurately recorded by the foreman. In the event there is a discrepancy, the employee must bring this to the attention of his respective supervisor. Prior to admittance of time cards to payroll, all time cards are reviewed for accuracy of job numbers, corresponding hours as well as employee approved signatures.

This policy to the best of my knowledge began with the inception of the company.

**INTERROGATORY NO. 16:**

For each year within the Relevant Time Period, please state the Defendant's gross annual volume of sales (exclusive of excise taxes at the retail level that are separately stated), and please identify all documents that you contend supports your response to this Interrogatory.

**ANSWER**:

Defendant objects to this request as irrelevant to the issues in this lawsuit.

**INTERROGATORY NO. 17:**

If you contend that any Plaintiff in this lawsuit was not an "employee" within the meaning of the FLSA during any portion of the Relevant Time Period, please (a) identify each such individual, (b) state the time period(s) that you claim s/he was not "employee" within the meaning of the FLSA and (c) state the complete factual basis for your contention that s/he is not an "employee" within the meaning of the FLSA.

**ANSWER**:

Defendant objects to this request in that it requests information regarding the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit. Subject to this objection, and without prejudice to respond with respect to any opt-in plaintiffs, N/A.

## VERIFICATION

THE STATE OF TEXAS                    §

COUNTY OF BEXAR                       §

    BEFORE ME, the undersigned authority, on this day personally appeared VICTOR M. JOUFFRAY, General Manager/Vice President of Milberger Landscaping, Inc., Defendant, known to me to be the person whose name is subscribed below, and who, being by me first duly sworn, on his oath deposed and said that he is authorized to sign this verification on behalf of the Defendant, he has read the answers contained in the above and foregoing Defendant's Answers and Objections to Plaintiff Anthony Cantu's First Set of Interrogatories, and all factual statements contained in said document are true and correct.

MILBERGER LANDSCAPING, INC.

By: _____
Victor M. Jouffray
General Manager/Vice President


    SUBSCRIBED AND SWORN TO before me on this the __6__ day of January 2014, to certify which, witness my hand and seal of office.

_____
Notary Public, State of Texas

D. Ann Whitford
Notary Public
State of Texas
My Comm. Exp. 12-11-2016

11