IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY CANTU & RONALD LOREDO on behalf of themselves and a class of those similarly situated, | § § § § | CIVIL ACTION NO. 5:13-CV-731 |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION |
| MILBERGER LANDSCAPING, INC. | § § | |
| Defendant. | § § | DEMAND FOR JURY TRIAL |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PROUCTION – FIRST SET

NOW COMES Defendant, MILBERGER LANDSCAPING, INC., ("Defendant") and submits the following Responses and Objections to Plaintiffs' Request for Production to Defendant – First Set pursuant to the Federal Rules of Civil Procedure.

Defendant reserves the right to supplement these responses.

Respectfully submitted,

GERALD T. DROUGHT
State Bar No. 06134800
Federal Bar No. 8942
MATHIS B. BISHOP
State Bar No. 24045500
Federal Bar No. 567812
**MARTIN & DROUGHT, P.C.**
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924

COUNSEL FOR DEFENDANT

1

## CERTIFICATE OF SERVICE

I hereby certify that on the ___6___ day of January 2014, I served the foregoing document on the following attorneys of record for Plaintiffs:

Philip J. Moss
Equal Justice Center
6609 Blanco Rd., Ste. 260
San Antonio, TX 78216
*Via Certified Mail, Return Receipt Requested #7109 7493 0500 0000 0771*

Edmond S. Moreland, Jr.
Moreland Law Firm, P.C.
13590 Ranch Rd. 12
Wimberley, TX 78676
*Via Certified Mail, Return Receipt Requested #7109 7493 0500 0000 2713*

MATHIS B. BISHOP

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

Defendant generally objects and moves for a protective order related to all information requested which is invasive of the attorney/client privilege, the work product privilege or party communications privilege. The responses below may contain specific objections on these privileges where the Request for Production is obviously invasive of the privilege. However, Defendant reserves the right and moves for a protective order related to any Requests for Production which are later construed to request such privileged information or if Defendant later discovers such privileged information existed which would have been responsive to the Request for Production. This general objection applies to all of the Request for Production responses below. If required, affidavits, live testimony or tendering of the information for in-camera inspection will be presented at the hearing on the objections, if any. Defendant objects and moves for a protective order related to any Request for Production where the answer may be

2

derived or ascertained from public records or from the business records of the Defendant, from an examination, audit or inspection of such business records or from a compilation, abstract or summary based thereon where the burden of deriving or ascertaining the answer is substantially the same for the Plaintiff as for Defendant. Defendant generally objects and moves for a protective order related to any information requested which is not within Defendant's, its agents' or employees' custody or control.

The documents will be made available upon reasonable request at the office of Defendant's counsel or such other place as designated by Defendant's counsel.

Defendant objects to the time period specified by the Plaintiffs in their discovery requests and will produce responsive information and documents from the time period of November 22, 2010 to the present in accordance with Judge Hudspeth's November 22, 2013 Order.

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**     Produce a copy of the complete payroll file for Plaintiff. This request includes, but is not limited to, paycheck stubs, wage summaries, and tax documents maintained by you or your contractors.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests the entire payroll file for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Defendant further objects to this request because it seeks "tax documents maintained by you or your contractors" which are not relevant to the issues in this lawsuit and beyond the scope of discovery.

Subject to these objections, Defendant will produce the pay stubs and corresponding time cards for the plaintiffs that have joined the suit, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 2**     Produce copies of all time sheets, time cards, or other documents recording the hours Plaintiff worked. This request includes, but is not limited to, work schedules, schedules of hours and any documents from which hours of work may be calculated.

**RESPONSE:**

3

Defendant objects to this request as overbroad and vague in that it requests numerous documents related to the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, Defendant will produce the pay stubs and corresponding time cards for the plaintiffs that have joined the suit, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 3**   Produce copies of the job description(s) for all the position(s) held by Plaintiff.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests copies of the job description(s) for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, none. Job descriptions are all verbal.

**REQUEST FOR PRODUCTION NO. 4**   Produce copies of all documents setting forth or describing the job duties of the position held by Plaintiff. This Request includes, but is not limited to, any training materials or other documents describing Plaintiff's position(s) with you (other than the job description(s) requested in the previous request).

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents regarding "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, the Defendant will produce a copy of the advertisement it runs in the paper for hiring workers.

**REQUEST FOR PRODUCTION NO. 5**   Produce copies of all documents that outline or discuss any understanding, arrangement, agreement or contractual obligations between Plaintiff and Defendant.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents regarding the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, the Defendant will produce a copy of the wage page and handbook.

**REQUEST FOR PRODUCTION NO. 6**   Produce copies of the personnel file for Plaintiff. This Request includes, but is not limited to, desk files, informal files kept by supervisors or other of Defendant's employees, correspondence, and any notes pertaining to Plaintiff.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests the entire personnel file for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original).  Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, Defendant will produce the payroll files for the plaintiffs that have joined the suit, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 7**   Produce a copy of Defendant's employee handbook or other documents setting forth Defendant's policies and procedures governing Plaintiff's employment that were effective at any time during the Relevant Time Period.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents related to the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, Defendant will produce the hiring packet (a blank one).

**REQUEST FOR PRODUCTION NO. 8**   Produce copies of all documents relating to any computer systems or outside companies used by Defendant to pay its employees during the Relevant Time Period. This includes, but is not limited to, any documents describing the function and operation of the software or computer system(s) used to record time worked, or issues paychecks and paycheck stubs to Defendant's employees; and it also includes documents interpreting any codes, abbreviations, descriptions or the like, used by such computer or software system(s) or companies.

**RESPONSE:**
Defendant objects to this request as overbroad and vague. Defendant further objects to the request as irrelevant to the issues in this case. Computer software coding has no bearing on the Plaintiffs' allegations. Subject to these objections, none. ADP did the payroll from August 2010 to October 2013, and then the Defendant switched to Wells Fargo.

**REQUEST FOR PRODUCTION NO. 9**   Produce all documents explaining or describing the codes and descriptions contained on the paycheck statements issued by Defendant to its employees during the Relevant Time Period.

**RESPONSE:**
Defendant will produce a legend of codes.

**REQUEST FOR PRODUCTION NO. 10**   Produce all documents showing all deductions made from Plaintiff's wages and the reasons the deductions were made.

**RESPONSE:**
Defendant will produce the paystubs for the plaintiffs who have joined this suit, which contains the requested information.

**REQUEST FOR PRODUCTION NO. 11**   Produce copies of all correspondence (including, but not limited to, electronic mail) authored, sent to, or received by any named or opt-in Plaintiff in this lawsuit.  To the extent possible, we ask that this data be produced in electronic form to reduce expense and burden.

**RESPONSE:**
None in Defendant's possession.

**REQUEST FOR PRODUCTION NO. 12**   Produce copies of all documents sent by Defendant to Plaintiff (and vice versa) concerning the terms and conditions of Plaintiff's employment.  This includes, but is not limited to e-mail, memos, notes, and other documents discussing Plaintiff's job duties, compensation and any other benefit.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents related to the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, the Defendant will produce the handbook.

**REQUEST FOR PRODUCTION NO. 13**   To the extent they are not maintained in personnel files, produce a copy of each employment review or evaluation for Plaintiff.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests a copy of each employment review or evaluation for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, none.  All reviews are verbal between the supervisor and employee.

**REQUEST FOR PRODUCTION NO. 14**   Produce copies of all documents or forms given to newly hired employees during the Relevant Time Period that concern or explain the individual's compensation and the manner in which his/her compensation is set and/or paid.

**RESPONSE:**
Defendant objects to this request as overbroad in that it calls for documents given to any employee regardless of the position or the similarity of position to the named plaintiffs.  Moreover, the

6

Defendant objects to this request to the extent it calls for the disclosure of sensitive and protected information of individuals not subject to this lawsuit.

Subject to these objections, Defendant will produce a copy of the hiring packet.

**REQUEST FOR PRODUCTION NO. 15**   Produce   copies   of   all   documents   authorizing Defendant to make deductions from Plaintiff's wages.

**RESPONSE:**
Defendant objects to this request in that it requests documents related to the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, Defendant will produce the "check requests" for the plaintiffs who have joined this suit, to the extent they exist, which contain the requested information.

**REQUEST FOR PRODUCTION NO. 16**   Produce copies of any compensation agreements or employment agreements between Defendant and Plaintiff.

**RESPONSE:**
Defendant objects to this request in that it requests compensation agreements or employment agreements for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, Defendant will produce the "wage page" for the plaintiffs who have opted in to the suit.

**REQUEST FOR PRODUCTION NO. 17**   Produce   copies   of   all   documents   concerning Defendant's record retention policies or practices during the Relevant Time Period.

**RESPONSE:**
Defendant has no written record retention policy; it follows IRS guidelines.

**REQUEST FOR PRODUCTION NO. 18**   Produce   copies   of   all   documents   concerning Defendant's policies or practices for recording and maintaining the Plaintiffs' time worked for the Defendant during the Relevant Time Period.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents regarding the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit**." (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, there are no written "policies or practices." Defendant will produce the time cards which show the time the plaintiffs worked.

**REQUEST FOR PRODUCTION NO. 19**   For the Relevant Time Period, produce a copy of any manual or document provided to supervisors or foremen explaining Defendant's employment policies and procedure or giving guidance as to how to implement Defendant's policies and procedures for compensating employees in the Plaintiff's position.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents related to the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, there is no written manual.

**REQUEST FOR PRODUCTION NO. 20**   For the Relevant Time Period, produce all notes, minutes or recordings of any meetings with supervisors or foremen in which Defendant's policies and procedures for compensating employees in the Plaintiff's position, or implementing those policies and procedures, were discussed.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents related to the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, none.

**REQUEST FOR PRODUCTION NO. 21**   Produce all organizational charts for Defendant or any other documents showing the management structure or reporting relationships between and among employees of Defendant.

**RESPONSE:**
Defendant does not keep a general organizational chart, but will produce an organizational chart created for a bid.

**REQUEST FOR PRODUCTION NO. 22**   Produce copies of all minutes, notes, and/or minute books for meetings of the committees and subcommittees of Defendant where compensation policies or practices were discussed or considered during the time period January 1, 2009 through to the present, to be supplemented to the time of trial.

**RESPONSE:**
None. Defendant has no such committees or subcommittees.

**REQUEST FOR PRODUCTION NO. 23**   Produce copies of all correspondence and other

documents sent to or received from the Department of Labor concerning any investigation and/or audit of Defendant, if any exist.

**RESPONSE:**
The defendant objects to this request as overbroad and not limited in scope to be relevant to the issues in this lawsuit. The Defendant has been audited by the Dept. of Labor regarding H2B visas, which has no relevance to the plaintiffs' claims. Otherwise, none.

**REQUEST FOR PRODUCTION NO. 24**   Produce copies of all documents showing any advice given or otherwise discussing the Defendant's policies and procedures for compensating the Plaintiffs.   This Request includes, but is not limited to, any requests for opinions from the Department of Labor, any correspondence to or from any government official and any correspondence with counsel regarding the manner in which Defendant has compensated, or compensates, the Plaintiffs.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents related to the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, none.

**REQUEST FOR PRODUCTION NO. 25**   Produce copies of all documents setting forth all job descriptions for the position of laborer, landscape worker, or the equivalent position, held by the Plaintiffs in this case.   This request includes, but is not limited to, all internal job descriptions, advertisements or any other document that contains a job description.

**RESPONSE:**
Defendant objects to this request as overbroad and vague in that it requests documents for the "Plaintiff," which is defined as "the named plaintiffs to this lawsuit, **and any opt-in Plaintiff who has consented, or who will, in the future, consent to join this suit.**" (Emphasis in original). Defendant has no way of knowing who will, in the future, consent to join this suit.

Subject to these objections, the Defendant will produce the newspaper ads.

**REQUEST FOR PRODUCTION NO. 26**   Produce copies of all documents identified, reviewed or relied on in your answer, or identified in response, to Interrogatory No. 3 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 3. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 27**   Produce copies of all documents identified, reviewed or relied on in your answer, or identified in response, to Interrogatory No. 4 from Plaintiff's First

Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 4. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 28**   Produce copies of all documents identified, reviewed or relied on in your answer, or identified in response, to Interrogatory No. 5 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 5. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 29**   Produce copies of all documents identified, reviewed or relied on in your answer, or identified in response, to Interrogatory No. 7 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 7. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 30**   Produce copies of all documents reviewed or relied on in formulating your answer to Interrogatory No. 8 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 8. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 31**   Produce copies of all documents reviewed or relied on in formulating your answer to Interrogatory No. 9 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 9. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 32**   Produce copies of all documents reviewed or relied on in formulating your answer to Interrogatory No. 10 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 10. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 33**   Produce copies of all documents reviewed or relied on in formulating your answer to Interrogatory No. 11 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 11. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 34**   Produce copies of all documents reviewed or relied on in formulating your answer to Interrogatory No. 12 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 12. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 35**   Produce copies of all documents reviewed or relied on in formulating your answer to Interrogatory No. 13 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 13. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 36**   Produce copies of all documents reviewed or relied on in formulating your answer to Interrogatory no. 14 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 14. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 37**   Produce copies of all documents reviewed or relied on in formulating your answer to Interrogatory No. 15 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 15. Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 38**   Produce copies of all documents identified, reviewed or relied on in formulating your answer to Interrogatory No. 16 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 16. Defendant will produce the responsive

documents.

**REQUEST FOR PRODUCTION NO. 39**   Produce copies of all documents identified, reviewed or relied on in formulating your answer to Interrogatory No. 17 from Plaintiff's First Set of Interrogatories to Defendant Milberger.

**RESPONSE:**
See Defendant's Response to Interrogatory No. 17. Defendant will produce the responsive documents.