IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY CANTU AND RONALD LOREDO, on behalf of themselves and a class of those similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § § | SA:13-CA-731-HLH |
| MILBERGER LANDSCAPING, INC., | § § | Jury Demanded |
| Defendant. | § | |

**PLAINTIFFS' MOTION TO QUASH TWELVE NON-PARTY SUBPOENAS AND NOTICES OF DEPOSITION ON WRITTEN QUESTION AND FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION AND RELIEF AND BRIEF IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 26(c) and 45(c)(3), Plaintiffs file this Motion to Quash Non-Party Subpoenas and for Protective Order and Brief in Support (the "Motion"). They respectfully show as follows:

This is a collective action against Defendant Milberger Landscaping, Inc. to recover unpaid wages under the Fair Labor Standards Act (FLSA). (See Doc. #1.) The primary factual issue on liability is whether or not Defendant properly paid the Plaintiffs. Of course, Plaintiffs' claims for unpaid wages are limited to the time periods when each of them worked as laborers for the Defendant. For Defendant's violations of the Fair Labor Standards Act, Plaintiffs seek their unpaid wages during the term of their employment with Defendant, liquidated damages and attorneys' fees, costs and expenses. They do not seek any damages relating to any termination of employment. Thus, there are no issues relating to mitigation, after-acquired evidence or

anything on which the Plaintiffs' past or current employment, or past and current medical treatment, has any bearing.

In spite of this fact, on February 24, 2014, Defendant issued 12 subpoenas, each with depositions on written questions. (See Appendix Exhibit A.) It has directed those subpoenas to eleven current and former employers, and to one medical provider of named Plaintiff Anthony Cantu.

Because the subpoenas and notices of depositions (1) ignore the Court's discovery deadline of February 28, 2014, (2) violate the Federal Rules of Civil Procedure, (3) are outside the scope of permissible discovery under Rule 26(b)(1), Plaintiffs now move to quash the subpoenas. Plaintiffs further move for a protective order requiring Defendant to return any records it obtains through the subpoenas and prohibiting Defendant from, in any way, utilizing any of the documents it obtains through the subpoenas.

Plaintiffs respectfully request an expedited hearing on, and determination of, this Motion.

## I.  ARGUMENTS AND AUTHORITIES

### A.  The Court should quash the subpoenas

Under Rule 45(c)(3)(A) . . ., a party may move to quash or modify a subpoena if it requires the disclosure of "privileged or other protected matter, if no exception or waiver applies." A party has standing to challenge a subpoena served on another entity only if the party can show it has a personal right or privilege regarding the subject matter of the subpoena. *See Delta Mechanical, Inc. v. Garden City Group, Inc.*, 2010 WL 2609057, *2 (D.Ariz.2010).

*Blotzer v. L-3 Comm., Inc.*, 287 F.R.D. 507, 509 (D. Ariz. 2012); *see also Brown v. Braddick* 595 F.2d 961, 967 (5th Cir. 1979); *E.E.O.C. v. Serramonte,* 237 F.R.D. 220, 223 (N.D. Cal. 2006.

"In considering whether a party has standing to move to quash a subpoena *duces tecum*, courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a

subpoena." *Id.*, *citing Barrington v. Mortage IT, Inc.*, 2007 WL 4370647, *2 (S.D.Fla.2007). Because Defendant is seeking production of "ALL RECORDS" regarding Mr. Cantu from eleven different employers, including his current employer, Plaintiff Cantu has standing to move to quash the subpoenas. Moreover, Plaintiff Cantu has a personal right with respect to his medical information. *See Burrell v. Crown Central Petroleum*, 177 F.R.D. 376, 384 (E.D. Tex. 1997)(finding that "tremendous potential for abuse exists when a defendant has unfettered access to a plaintiff's medical records" and declining to allow discovery in a case in which the plaintiff's physical or mental condition had not been placed in controversy).

> "Under Rule 45 of the Federal Rules of Civil Procedure, 'a court may quash or modify a subpoena if [the subpoena] (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden.'"

*Texas Keystone, Inc. v. Prime Natural Resources, Inc.,* 694 F.3d 548, 554 (5th Cir. 2012), *citing and quoting Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 817-18 (5th Cir.2004). A district court's ruling on a motion to quash is reviewed for abuse of discretion. *Id.* The Court should quash the subpoenas because they (1) fail to allow a reasonable time for compliance and (2) subjects Plaintiff Cantu to undue burden.

> **1. The subpoenas are served such that compliance must occur outside the Court-ordered discovery period and they are in violation of the scheduling order and the local rules of the Court**

Under Rule 16(b)(4), "a scheduling order may only be modified 'for good cause and with the judge's consent.'" *Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp.2nd 488, 492 (S.D. Tex. 2009). "The Fifth Circuit has explained that '[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id., citing and quoting S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003)(internal quotations omitted). Defendant cannot

show good cause to extend the discovery deadline because it has not exercised reasonable diligence in obtaining discovery. *See Hernandez*, 617 F.Supp.2d at 492. After all, the Defendant has conducted no discovery other than the depositions of two named Plaintiffs; and it conducted those depositions on February 19, 2014.

Moreover, the non-parties cannot respond to the Defendant's subpoenas and depositions on written question before the expiration of the discovery period. On October 1, 2013, this Court signed and entered a scheduling order setting the discovery deadline on **February 28, 2014**, four days after Defendant issued the subpoenas. (Doc #12, p.1.) That order has never been modified. In the Western District of Texas, discovery is only timely served if the time set for response is within the time period allotted for discovery. Local Rule CV-16(d). In addition, "[d]epositions must be completed before the discovery deadline." *Id*. Because Defendant served the subpoenas and notices of deposition only four days before the discovery deadline, the time in which to respond for the third parties and the allotted 14 days that the Plaintiffs have to propound cross questions will have expired. Fed. R. Civ. P. 45(a)(5).

### 2. The subpoenas and depositions on written questions were served in violation of the Federal Rules of Civil Procedure.

Defendant has taken the depositions of the two named Plaintiffs in this case, but has conducted no other discovery. On February 24, 2014 Defendants' counsel served, by mail, twelve additional notices of deposition on written question and subpoenas *duces tecum*. Plaintiffs' counsel received them by mail on February 25, 2014. Although it is now attempting to take a total of 14 depositions in this case, the Court has not granted leave for Defendant to take more than the ten depositions per side as required by Rules 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii).

Moreover, Defendant never even attempted to serve the proposed subpoenas to third parties to Plaintiffs' counsel prior to serving them on the non-parties as required by Rule

45(a)(4). Rule 45(a)(4) was amended in 2013 to make clear the former requirement under Rule 45(b)(1). *See* 2013 Notes of Advisory Comm., ¶4. As the Advisory Committee noted, "The amendments are intended to achieve the original purpose [of former Rule 45(b)(1), as amended and clarified in 2007] of enabling the other parties to object or to serve a subpoena for additional materials." *Id.*, ¶5.

Defendant failed to give Mr. Cantu that courtesy and that right; and its violation of Rule 45(a)(4) failure is far from harmless. The facts surrounding Defendant's attempted service of the subpoenas indicate that Defendant intentionally ignored the dictates of Rule 45(a)(4) in order to harass and oppress Plaintiff Cantu by interfering with the relationship between he and his current employer. In fact, at the same time that it attempted service of the subpoenas on the non-parties on February 24, 2014, Defendant intentionally served its non-compliant non-party subpoenas on Plaintiffs' counsel by mail so that they would not arrive in Plaintiffs' counsel's office until February 25. (See Exhibit A.) Of course, by then most of the non-parties would already have received notice of the subpoena. Thus, Defendant's decision to flout Rule 45(a)(4) and serve the subpoenas was intended solely to burden Mr. Cantu by interfering with his current employment (and poison any possibility of returning to work with former employers). The Court should quash the subpoenas.

3. **The subpoenas are not limited to an appropriate scope under Rule 26(b)(1).**

The scope of a permissible subpoena parallels the scope of permissible discovery under Rule 26(b)(1). *E.g., Jackson v. Brinker*, 147 F.R.D. 189, 193-94 (S.D.Ind.1993). Under that standard, the Court also looks at the extent to which the discovery is relevant and balances it against principles of "justice … to protect a party or person from annoyance, embarrassment, [or] oppression." *See* Fed. R. Civ. P. 26(c).

Here, the Defendant's subpoenas seek documents that are beyond the scope of permissible discovery under FRCP 26(b)(1). The Defendant has subpoenaed documents from ten (10) of Plaintiff Cantu's former employers, his current employer, and the Alamo City Medical Group. As noted above, the issues in this case center almost entirely on the time during which the Plaintiffs worked for the Defendant. Nothing about the Plaintiffs' past or present employment, or any medical treatment, has any bearing on whether or not the Defendant properly paid them while they worked for the Defendant.

Nevertheless, the Defendant's subpoenas directed to Plaintiffs' past and present employers request:

> ANY AND ALL RECORDS including but not limited to, employment records, any supervisor reports, W-2s, workers' compensation records, claims for unemployment compensation records, employment application forms, evaluations payroll records, time cards, medical files, laboratory test results, pre-employment drug screen results and/or pre-employment specimen results, any subsequent drug screen results and/or subsequent specimen results, disability claims and attendance records, any type of insurance records, office notes, records of telephone conversation and any handwritten notes which have not already been produced pertaining to Anthony Cantu.

(*See* Appendix Exhibit A).

These unlimited subpoenas request alll piece of paper which in any way relates to Mr. Cantu. *Blotzer v. L-3 Communications* is instructive here. In that case, the Defendant sought "all employment records and documents" regarding an FLSA plaintiff from his former employer. *Blotzer*, 287 F.R.D. at 508-09. The court rejected the defendant's arguments that the information might lead to the discovery of evidence to discredit the plaintiff. *Id.*, 509-10. It held instead that, in an FLSA case in which a plaintiff must prove that "he performed work for which he was not properly compensated," the requested records were not reasonably calculated to lead to the discovery of admissible evidence. *Id.* Similarly, the request here is not reasonably calculated to

lead to the discovery of admissible evidence and is, in fact, broader than the request at issue in *Blotzer*. After all, while *Blotzer* addressed a request for "all employment records," the Defendant here seeks "ALL RECORDS."

Finally, and importantly, there is a compelling policy interest in limiting this sort of discovery in wage and hour cases that rarely, if ever, involve matters pertaining to employment with entities other than the defendants. Indeed, public policy regarding enforcement of wage and hour claims would be undermined if defendants are free to contact current and former employers about the plaintiff's participation in a wage and hour suit against the former employer. At the same time, the Defendant has no need for any of the material sought – much less a need for every piece of paper that relates to Mr. Cantu that eleven of his current and former employers might have.

More specific to this case, Mr. Cantu is currently employed by Cut Right, one of the non-party entities to whom the Defendant has directed a subpoena. Whether or not this Court grants this Motion, Defendant has achieved its goal, which is to interfere with Mr. Cantu's current employment. Given the issues in this case, there is no other reason for Defendant to have served the subpoena. To be sure, Defendant's decision, and decisions like it, will have a chilling effect on future plaintiffs' willingness or ability to vindicate their rights under the FLSA.

Finally, there is no issue in this case on which medical information is even calculated to lead to the discovery of admissible evidence. Plaintiffs' damages are limited to lost wages, liquidated damages, attorneys' fees, costs and expenses. 29 U.S.C. §216(b). The subpoena to a medical provider is improper and should be quashed.

### B. The court should issue a protective order requiring Defendant to return all documents it obtains and preventing it from using any documents it obtains.

> Pursuant to Rule 26(c)(1)(B), . . . a party may move for an order to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense." Subject to these limitations, Defendant may obtain discovery on any non-privileged matter that is relevant to any claim, and information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

*Blotzer*, 287 F.R.D. at 509. "[I]f a party makes a showing of *good cause* to support the issuance of a protective order, the Court may exercise its discretion to restrict or limit access and use of certain information [under Rule 26(c)]." *Maderazo v. Vanguard Health Systems*, 241 F.R.D. 597, 599 (W.D. Tex. 2007). There is good cause in this case to issue a protective order.

First, the Defendant's flagrant violations of the rules of civil procedure and flouting of this Court's scheduling order solely to harass and oppress Mr. Cantu should be grounds enough to prevent the Defendant from obtaining and/or maintaining the documents. Second, as discussed above, the items Defendant seeks are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. As such, this Court should issue an order requiring Defendant to return any documents it obtains and to prohibit it from distributing or in any way utilizing those documents. *See Blotzer*, 287 F.R.D. at 510 (ordering Defendant to return all documents and prohibiting it from in any way utilizing documents obtained from a former employer in an overtime case under the FLSA).

## II.    CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiffs respectfully request that this Court set this matter for hearing at this earliest practicable date and that, upon such hearing, QUASH the twelve subpoenas and notices of deposition on written question and issue a protective order requiring Defendant to return any documents it obtains from the quashed subpoenas and prohibiting it from in any way using those documents.

        Respectfully submitted,

        Moreland Law Firm, P.C.
        13590 Ranch Road 12
        Wimberley, Texas 78676
        Tel (512) 782-0567
        Fax (512) 782-0605

By:  /s/ *Edmond S. Moreland, Jr.*
        Edmond S. Moreland Jr.
        Texas State Bar No. 24002644
        edmond@morelandlaw.com


        Philip J. Moss
        Texas State Bar No. 24074764
        pmoss@equaljusticecenter.org
        EQUAL JUSTICE CENTER
        6609 Blanco Road, Ste. 260
        San Antonio, Texas 78216
        Tel (210) 308-6222, ext. 102
        Fax (210) 308-6223

        Counsel for Plaintiff


## Certificate of Service

   The undersigned hereby certifies that, on this the 25th day of February, 2014, he submitted the foregoing instrument for filing through the Court's Case Management / Electronic Case Filing System. The following counsel of record shall be served with a true and correct copy of this pleading by operation of the Court's CM / ECF System:

 Mr. Gerald T. Drought
 Mr. Mathis B. Bishop
 MARTIN & DROUGHT, P.C.
 Bank of America Plaza, 25th Floor
 300 Convent Street
 San Antonio, Texas 78205

           */s/ Edmond S. Moreland, Jr.*
           Edmond S. Moreland, Jr.

## Certificate of Conference

The undersigned hereby certifies that counsel for Plaintiffs attempted to confer with Defendant's counsel regarding their intent to file a motion to quash via email on February 25, 2014. Defendant's counsel has not responded to that email. As a result, the undersigned must assume that Defendant opposes this motion and, given its time-sensitivity, now presents it to the Court for consideration and determination.

> */s/ Edmond S. Moreland, Jr.*
> Edmond S. Moreland, Jr.