# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY CANTU, et al. | § | |
| | § | |
| vs. | § | NO. 5:3-CV-731-HLH |
| | § | |
| MILBERGER LANDSCAPING, INC. | § | |

## MEDIATION SETTLEMENT AGREEMENT
**This Agreement is expressly subject to court approval.**

The following agreement has been reached by the parties hereto:

1. The parties acknowledge that bona fide disputes and controversies exist between them, both as to liability and damages and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and settle all claims and causes of action of any kind whatsoever which the parties have or may have arising out of the transaction or occurrence which is the subject of this litigation. It is understood and agreed that this is a compromise of a disputed claim, and nothing contained herein shall be construed as an admission of liability by any party, all such liability being expressly denied.

2. Each signatory hereto hereby warrants and represents that:

    a. such person has authority to settle for the party or parties for whom such person acts.
    b. the claims, suits, rights, and/or interests which are the subject matter hereto are owned by the party asserting same, have not been assigned, transferred or sold, and are free of any encumbrance.

3. Total amounts to be paid to Plaintiffs by or on behalf of Defendant: $95,000, out of which $37,205.60 to Plaintiffs' counsel for attorney's fees and expenses for which Plaintiffs and Plaintiffs' counsel will receive a Form 1099. Exhibit A attached hereto reflects the respective amounts of settlement for each Plaintiff named thereon. For those respective amounts payable for alleged liquidated damages, no amounts will be withheld, and Plaintiffs will be issued a Form 1099, with this amount entered in Box 3; and for those respective amounts payable to Plaintiffs for lost wages (less applicable deductions in an amount that is dictated by the most recent W-4 on file with the Defendant) Plaintiffs will be issued a Form W-2.

For that respective share of the settlement, each Plaintiff agrees to indemnify Defendant for tax liability (except for taxes to be paid by Employer), if any, as a result of this settlement allocation of monies to them from this settlement. Each party shall bear its own court costs and attorneys' fees. Plaintiffs understand that they shall not make application for re-employment with Defendant or its related entities and affiliates nor shall they be eligible for re-employment. Defendant agrees to give a neutral recommendation upon inquiry by potential employer. Cantu and Laredo agree that they will not, for a period of two (2) years from the date of this agreement, visit the Milberger plant or any job site where Milberger crews are obviously working.

4. Claims to be released: Any and all claims asserted or which could be asserted by and between the Plaintiffs and Defendant in this cause of action and/or as a result of his/her employment with Defendant.

5. Parties to be released: Plaintiffs and Defendant, and their heirs, beneficiaries, successors and assigns, related entities, affiliates, officers, directors, shareholders, representatives, agents, employees, attorneys and their respective agents.

6. Party granting the release: Plaintiffs and Defendant.

7. All of Plaintiffs' claims shall be dismissed with prejudice.

8. All parties and their counsel agree to urge the Court to keep the settlement documents under seal. The parties and their counsel agree that the terms of this settlement shall be kept confidential, except as to spouses, accountants, tax advisors, legal advisors, lienholders, or as otherwise required by law. Failure to abide by this provision shall constitute a breach of this agreement and upon proof thereof, may subject the offending party to damages based on that party's respective settlement amount, as proven in a court of competent jurisdiction. If asked, the Parties shall simply respond that the case has been resolved, or words to that effect. In addition to the mutual promises between the parties, $100 will be subscribed out of the above settlement amount as consideration for this paragraph.

9. Counsel for Defendant shall deliver drafts of releases and any further documents to be executed in connection with this settlement to counsel for the Plaintiffs for review within fourteen (14) days from this date. Defendant shall tender settlement checks to Plaintiffs' counsel no later than seven (7) days after court approval and receipt of signed release agreement. The parties and their counsel agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or

required to implement the provisions and spirit of this Mediation Settlement Agreement, but notwithstanding such additional documents the parties confirm that this is a written settlement agreement as contemplated by Section 154.071 of the Texas Civil Practice and Remedies Code. To the extent that any of the settlement check(s) are undeliverable, the Parties agree to cooperate to the extent necessary to ensure delivery of the check(s), including but not limited to, reissuing check(s), as necessary.

10. This Mediation Settlement Agreement is not subject to revocation and is made and performable in Bexar County, Texas, and shall be construed in accordance with the laws of the State of Texas.

11. Although the mediator has provided a basic outline of this Mediation Settlement Agreement to the parties' counsel as a courtesy to facilitate the final resolution of this dispute, the parties and their counsel have thoroughly reviewed such outline and have, where necessary, modified it to conform to the requirements of their agreement. All signatories to this Mediation Settlement Agreement hereby release the mediator from any and all responsibility arising from the drafting of this Mediation Settlement Agreement, and by signing this Mediation Settlement Agreement acknowledge that they, or their attorneys, have been advised by the mediator in writing that this Mediation Settlement Agreement should be independently reviewed by counsel before executing the Agreement.

12. The parties represent that they have carefully read or had read to them the Mediated Settlement Agreement, understand the contents thereof, and sign the Mediated Settlement Agreement voluntarily as their own free act, without any coercion by any person or party.

SIGNED and AGREED to this 22nd day of April, 2014.

_____
Anthony Cantu as representative for Plaintiffs

_____
Ronald Loredo as representative for Plaintiffs

_____
Representative for Defendant
Milberger Landscaping, Inc.

_____
Attorney for Plaintiffs

_____
Attorney for Defendant

# EXHIBIT A

| FIRST NAME | LAST NAME | Unpaid Wages | Liquidated Damages | Total |
|---|---|---|---|---|
| Anthony | Cantu | $ 2,275.68 | $ 2,275.68 | $ 4,551.36 |
| Ronald | Loredo | $ 1,922.65 | $ 1,922.65 | $ 3,845.30 |
| Richard | Rivas | $ 1,291.86 | $ 1,291.86 | $ 2,583.72 |
| Gary | Childs | $ 1,011.97 | $ 1,011.97 | $ 2,023.94 |
| Bryan D. | Garfinkel | $ 1,055.36 | $ 1,055.36 | $ 2,110.72 |
| Morris K. | Austin | $ 1,739.00 | $ 1,739.00 | $ 3,478.00 |
| Matthew | Gutierrez | $ 1,260.68 | $ 1,260.68 | $ 2,521.35 |
| Rene | Valdez | $ 488.45 | $ 488.45 | $ 976.91 |
| Richard | Villanueva | $ 758.39 | $ 758.39 | $ 1,516.77 |
| Carlos | Frausto | $ 4,933.35 | $ 4,933.35 | $ 9,866.70 |
| Marcus | Johnson | $ 441.61 | $ 441.61 | $ 883.23 |
| Michael | Campbell | $ 1,355.73 | $ 1,355.73 | $ 2,711.45 |
| Elijah | Abdul | $ 2,104.76 | $ 2,104.76 | $ 4,209.52 |
| Robert | Rivera | $ 71.15 | $ 71.15 | $ 142.29 |
| Luis | Salinas III | $ 744.39 | $ 744.39 | $ 1,488.78 |
| Shawn | Isaac | $ 77.52 | $ 77.52 | $ 155.04 |
| Otho Dean | Stovall | $ 2,529.55 | $ 2,529.55 | $ 5,059.10 |
| Raul | Lopez, Jr. | $ 166.16 | $ 166.16 | $ 332.31 |
| Frank | Rivas | $ 1,033.22 | $ 1,033.22 | $ 2,066.44 |
| Antonio | Medina | $ 308.07 | $ 308.07 | $ 616.14 |
| Roger | Mendez | $ 1,076.45 | $ 1,076.45 | $ 2,152.89 |
| Jeremy | Elich | $ 543.06 | $ 543.06 | $ 1,086.12 |
| Edgardo | Ortiz Trinidad | $ 422.25 | $ 422.25 | $ 844.50 |
| Darryl | Byrd | $ 1,285.92 | $ 1,285.92 | $ 2,571.85 |
| TOTAL | | $ 28,897.20 | $ 28,897.20 | $ 57,794.40 |