IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ANTHONY CANTU and RONALD LOREDO on behalf of themselves and a class similarly situated<br><br>Plaintiffs<br><br>v.<br><br>MILLBERGER LANDSCAPING, INC.<br><br>Defendant | § § § § § § § § § § § § § | No. SA-13-CA-731 |

**<u>ORDER REGARDING MOTION TO APPROVE SETTLEMENT AGREEMENT</u>**

The above-styled and numbered cause is scheduled for trial in this Court on May 5, 2014. Counsel for the Plaintiff and the Defendant have compromised and settled their differences, and have filed a joint motion requesting approval of a settlement agreement (Docket No. 93). The Court finds that the motion should be granted and the settlement approved, with the exceptions noted herein.

In a suit like this one under the Fair Labor Standards Act, the Court has the duty to determine whether a proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." **Lynn's Food Stores, Inc. v. United States**, 679 F.2d 1350, 1355 (11th Cir. 1982). Under the terms of the proposed settlement in this case, some 24 employees or former employees of the Defendant will receive compensation for unpaid wages and liquidated damages. The Plaintiffs' settlement figure, including payment of the Plaintiffs' attorneys' fees, is $95,000. The Court

finds that the total settlement amount and its proposed allocation among the 24 individual Plaintiffs and their attorneys constitute a fair and reasonable settlement of this dispute, and that it should be approved by the Court. However, two specific provisions in the proposed settlement agreement must be disapproved.

Paragraph 8 of the settlement agreement (Docket No. 93, Exhibit A) is a confidentiality agreement. For the reasons previously stated in this Court's Order Regarding Joint Motion to Seal Settlement Agreement (Docket No. 91), this provision must be rejected. Many other Courts have disapproved confidentiality agreements similar to this one. **See, e.g., Dees v. Hydradry, Inc.**, 706 F.Supp.2d 1227, 1242 (M.D. Fla. 2010). Further, a portion of Paragraph 4 is overbroad, and must be rejected. That paragraph purports to release "any and all claims asserted or which could be asserted by and between the Plaintiffs and Defendant in this cause of action *and/or as a result of his/her employment with Defendant.*" There is no justification for requiring a Plaintiff to release any conceivable claim against the Defendant, even one bearing no relation to the claims asserted under the Fair Labor Standards Act. **See, Moreno v. Regions Bank,** 729 F.Supp.2d 1346, 1352-53 (M.D. Fla. 2010). Accordingly, the italicized words in paragraph 4 must be disapproved.

Having reviewed the parties' joint motion to approve a settlement agreement (Docket No. 93), and the proposed agreement

itself (Docket No. 93, Exhibit A), the Court finds that it should be approved subject to the deletion of Paragraph 8 and the following language in Paragraph 4: "... and/or as a result of his/her employment with Defendant."

IT IS FURTHER ORDERED that the above-styled and numbered cause be, and it is hereby, DISMISSED with prejudice with each party to bear his own costs. The Court retains jurisdiction to enforce the settlement.

SIGNED AND ENTERED this 30TH day of April, 2014.

/s/ Harry Lee Hudspeth
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE